**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| CHASITY BEASLEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.  1:15-cv-1738 |
| | ) | |
| WHIRLY WEST, INC., d/b/a | ) | |
| WHIRLYBALL, and SAMUEL ELIAS | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

NOW COMES the Plaintiff, CHASITY BEASLEY, individually, through her attorneys, and complaining of the Defendants, WHIRLY WEST, INC., d/b/a WHIRLYBALL, and SAMUEL ELIAS (collectively "Defendants") and states as follows:

## INTRODUCTION

1.   Plaintiff brings her claim to recover unpaid overtime compensation, liquidated damages, back pay, interest, other equitable and ancillary relief pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201, *et seq.*

2.  Plaintiff was employed by Defendants in Chicago, Illinois from November 2014 through January 2015.

3.  During the statutory period, Plaintiff was employed by Defendants as a "Bar Manager."

4.  When Plaintiff began working for Defendants she was paid on an hourly basis, but after working substantial overtime, Defendants unilaterally switched her to a weekly payment of $400.

5. Defendants' payment was insufficient to meet the salary basis test; therefore, Plaintiff was not exempt from the requirements of the FLSA, and was entitled to overtime for every hour worked over 40 in a workweek.

6. Throughout her employment, Plaintiff regularly worked more than 40 hours per workweek.

7. Defendants failed to pay Plaintiff an overtime rate of time-and-a-half for all the work she performed in excess of 40 hours per workweek, in violation of the FLSA. As a result of Defendants' unlawful practice, Plaintiff suffered a loss of wages.

8. Defendants failed to pay wages by intentionally, willfully and improperly requiring and permitting Plaintiff to work in excess of 40 hours per workweek without paying her an overtime premium in violation of the FLSA.

## PARTIES, VENUE AND JURISDICTION

9. During the statutory period Plaintiff was a resident of Illinois.

10. Defendant WHIRLY WEST, INC., d/b/a Whirlyball is an Illinois corporation which maintains offices and does business in the State of Illinois, including this judicial district. Whirlyball is, and was at all relevant times, an "employer" within the meaning of the FLSA. 29 U.S.C. §203(d), is an "enterprise" as defined by Section 3(r) of the FLSA, 29 U.S.C. §203(r)(1), and engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 3(s)(1)(A).

11. Whirlyball's annual gross volume of sales made or business done has exceeded $500,000.

12. Defendant SAMUEL ELIAS is a shareholder, corporate officer and current director of Whirlyball. Mr. Elias is involved in the day to day business operations of Whirlyball, and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiffs in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff and other similarly-situated

2

employees as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, Mr. Elias acted and had responsibility to act on behalf and in the interests of Whirlyball in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff an overtime premium as required by the FLSA. As such, at all times Defendant Mr. Elias was an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

13. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## COUNT I

### UNPAID WAGES/OVERTIME UNDER THE FLSA

15. Plaintiff repeats and re-alleges the above paragraphs as if fully stated herein.

16. Plaintiff asserts claims for unpaid overtime pursuant to 29 U.S.C. 201, *et seq.*

17. The FLSA, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one-and-one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per workweek. The FLSA provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages, costs, attorney's fees and other appropriate relief.

18. Plaintiff was regularly directed by Defendants to work, and did work, in excess of 40 hours per workweek.

19. Defendants did not compensate Plaintiff at a rate of one-and-a-half times her regular rate of pay for all time worked in excess of 40 hours in an individual workweek. Instead, Defendants paid Plaintiff $400 a week for all time worked, including time worked in excess of 40 hours per workweek.

20. Defendants willfully violated the FLSA, 29 U.S.C. §207, by regularly and repeatedly failing to pay overtime wages for time worked in excess of 40 hours per workweek.

21. At all relevant times Defendants failure to pay plaintiff an overtime rate for working over 40 hours in a workweek was willful in that among other things:

    a. Defendants knew or should have known that their weekly payment to Plaintiff was insufficient to make her exempt from the FLAS's overtime requirements.

    b. Defendants knew or should have known that the FLSA required them to pay time-and-a-half for all hours worked over 40 in a workweek;

    c. Defendants directed, suffered and permitted Plaintiff to perform tasks and work additional time, including overtime, while off-the-clock; and,

    d. Defendants failed to maintain time records which showed Plaintiff's regular hours of work.

22. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff CHASITY BEASLEY, through her attorneys, requests a judgment against the Defendants and in her favor, jointly and severally, for a sum that will properly, adequately and completely compensate her for the nature, extent and duration of their damages, and as follows:

    A. declare and find that the Defendants violated the FLSA by failing to pay overtime wages to Plaintiff;

    B. declare and find that the Defendants willfully violated the FLSA by failing to pay overtime wages to Plaintiff;

    C. award compensatory damages, including all overtime pay owed, in an amount according to proof;

D. award liquidated damages on all regular and overtime compensation due to Plaintiff; and,

E. award all costs and attorney's fees incurred prosecuting this claim.

Plaintiff requests a trial by jury.

Dated: February 26, 2015             Respectfully Submitted,

                             _/s/ *Jorge Gamboa*_____
                             Jorge A. Gamboa
                             STEPHAN ZOURAS, LLP
                             205 N. Michigan Avenue, Suite 2560
                             Chicago, Illinois 60601
                             312-233-1550
                             312-233-1560 f

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, a true and correct copy of the foregoing **COMPLAINT** was filed via this Court's ECF filing system, and will send notification of such to all counsel of record.

*s/ Jorge Gamboa*
Jorge Gamboa

6